101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
MASON TENDERS LOCAL UNION 59; Mason Tenders Local Union 23
and Joseph Giardina; Mason Tenders Local Union 46
and Joseph Luciano, Plaintiffs-Appellants,
v.
LABORERS' INTERNATIONAL UNION of NORTH AMERICA and Steve
Hammond, Defendants-Appellees.
 Nos. 96-7537(L), 96-7567(CON), 96-7617(CON).
 United States Court of Appeals, Second Circuit.
 June 4, 1996.
 
 1
 APPEARING FOR APPELLANT LOCAL UNION 59: Peter Fleming Jr., Curtis Mallet-Prevost, Colt & Mosle, New York, NY
 
 
 2
 APPEARING FOR APPELLANT LOCAL UNIONS 23 and 46: David L. Lewis, Lewis & Fiore, New York, NY
 
 
 3
 APPEARING FOR APPELLEES: Richard N. Gilberg, Cohen, Weiss and Simon, New York, NY
 
 
 4
 Before LUMBARD, Van GRAAFEILAND, and LEVAL, Circuit Judges
 
 SUMMARY ORDER
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court be and it hereby is AFFIRMED.
 
 
 7
 Plaintiffs-appellants Mason Tenders Union Locals 23, 46, and 59 ("the Locals") appeal an order of the district court, Southern District of New York (Sweet, J.), denying their motion for a preliminary injunction and granting a preliminary injunction in favor of defendants-appellees Laborers' International Union of North America (the "International") and Steve Hammond (collectively "LIUNA").[1] This case arises out of the International's attempt to implement a reorganization plan consolidating ten local unions into two new locals; this action was proposed in part to ensure compliance with a government consent decree aimed at ending the presence of organized crime in union activity. Though this type of reorganization is authorized under the International's constitution, the appellant Locals claim that the consolidation was undertaken in bad faith by LIUNA and constitutes an unlawfully imposed trusteeship. Further, the Locals claim that the district court misapplied the preliminary injunction standard, and that they--not LIUNA--were entitled to preliminary relief. For substantially the reasons stated in Judge Sweet's thorough opinion, we affirm.
 
 
 8
 Judge Sweet correctly stated that "[t]he standard for granting a preliminary injunction in this circuit is (1) a showing of irreparable injury and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tipping in favor of the movant." Mason Tenders Local Union 59 v. Laborers' International Union of North America, 1996 WL 223921 * 15 (S.D.N.Y.) (citing Blum v. Schlegel, 18 F.3d 1005, 1010 (2d Cir.1994)) (emphasis added); see also International Bhd. of Teamsters v. Local 810, 19 F.3d 786, 793 (2d Cir.1994). He went on to find that both sides had established irreparable harm, but that only LIUNA had demonstrated a likelihood of success on merits.
 
 
 9
 We agree with the Locals that Judge Sweet did not, after stating the above standard, expressly mention the second prong's "sufficiently serious questions" alternative. But we find this omission to be of no significance, because it is clear to us from Judge Sweet's 52-page opinion that he carefully considered all the Locals' contentions and found in them no sufficiently serious questions going to the merits that would establish a fair ground for litigation. Judge Sweet's findings were as follows: The reorganization plan was at least plausibly in the union members' best interests; individual members retained the right to appeal the reorganization at the International's annual convention; adequate notice and a hearing were provided in advance of the consolidation; the government believed the plan to be in the public interest because of its potential to reduce corruption; the Locals failed to establish bad faith on the part of LIUNA; and no trusteeship would exist because, in the long run, LIUNA would not have "continuing supervision" over the two new locals, see San Filippo v. United Bhd. of Carpenters and Joiners, 525 F.2d 508, 513 (2d Cir.1979), except to the extent provided in the International's constitution.
 
 
 10
 We conclude that none of these findings was clearly erroneous. Thus, whether or not the balance of hardships tipped in the Locals' favor, it failed to demonstrate sufficiently serious questions to establish a fair ground for litigation. The Locals therefore did not meet the alternative standard in the second prong of our preliminary injunction test.
 
 
 11
 We also find no merit in the Locals' argument that LIUNA was not entitled to a preliminary injunction. We detect no error in Judge Sweet's conclusion that LIUNA established irreparable harm and a likelihood of success on the merits. The district court's order is therefore affirmed. The mandate shall issue forthwith.
 
 
 
 [1]
 On May 29, 1996, we granted the motion of Local 23 and Local 46 to consolidate their appeals with that of Local 59